Slip Op. 18- 126

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **INDUSTRIAL CHEMICALS, INC.,** | |
| **Plaintiff,** | |
| **v.** | **Before: Jennifer Choe-Groves, Judge** |
| **UNITED STATES,** | **Court No. 17-00177** |
| **Defendant.** | |

## OPINION

[Granting Defendant's Motion to Dismiss.]

Dated: September 24, 2018

Robert T. Givens, Givens & Johnston, PLLC, of Houston, TX, for Plaintiff Industrial Chemicals, Inc.

Jamie L. Shookman, Trial Attorney, Commercial Litigation Branch, U.S. Department of Justice, of New York, N.Y., for Defendant United States.  With her on the brief were Chad A. Readler, Acting Assistant Attorney General, and Amy M. Rubin, Assistant Director.  Of counsel on the brief was Beth Brotman, Office of the Assistant Chief Counsel, International Trade Litigation, U.S. Customs and Border Protection.

Choe-Groves, Judge:  Plaintiff Industrial Chemicals, Inc. ("Industrial Chemicals") brings this action pursuant to 28 U.S.C. § 1581(a) (2012), contesting the denial of its protest by U.S. Customs and Border Protection ("Customs").  Plaintiff argues that Customs improperly denied its protest regarding retroactive duty-free treatment for its merchandise under the Generalized System of Preferences ("GSP").

Before the court is the Motion to Dismiss filed by Defendant United States.  See Def.'s Mot. Dismiss, Jan. 19, 2018, ECF No. 12 ("Def.'s Mot.").  Defendant requests that the court

dismiss the action for lack of subject matter jurisdiction under USCIT Rule 12(b)(1) and for

failure to state a claim upon which relief can be granted under USCIT Rule 12(b)(6).  See id. at

1.  For the following reasons, the court grants Defendant's motion.

## PROCEDURAL HISTORY

GSP provides duty-free treatment for eligible articles from certain "beneficiary

developing countr[ies]," including India.  19 U.S.C. § 2461; see also General Note 4(a),

Harmonized Tariff Schedule of the United States (2013) (listing India as a designed beneficiary

developing country for GSP purposes).  GSP expired on July 31, 2013.  See Pub. L. No. 112–40,

§ 1, 125 Stat. 401, 401 (2011).  During the lapse of GSP, Industrial Chemicals imported several

entries of organic chemicals under Subheadings 2917.34.0150 and 2917.32.000 of the

Harmonized Tariff Schedule of the United States.  See Compl. ¶ 6, Oct. 16, 2017, ECF No. 6.

Plaintiff imported the sixty-five entries of chemicals at issue from India between August 4, 2013

and October 22, 2014.  See Summons, July 11, 2017, ECF No. 1; Compl. ¶ 9.  If GSP had been

in effect at the time of entry, Plaintiff's merchandise would have been eligible for duty-free

treatment.  See Compl. ¶ 6.

Congress renewed GSP on June 29, 2015.  See Trade Preferences Extension Act of 2015,

Pub. L. No. 114–27, § 201, 129 Stat. 362, 371 (2015).  The statute states, in relevant part:

SEC. 201. EXTENSION OF GENERALIZED SYSTEM OF PREFERENCES.

. . . .

(b) EFFECTIVE DATE.—

. . . .

(2)  RETROACTIVE    APPLICATION    FOR    CERTAIN
LIQUIDATIONS AND RELIQUIDATIONS.—

(A)  IN GENERAL.—Notwithstanding section 514 of the
Tariff Act of 1930 (19 U.S.C. 1514) or any other
provision of law and subject to subparagraph (B), any
entry of a covered article to which duty-free treatment
or other preferential treatment under title V of the
Trade Act of 1974 (19 U.S.C. 2461 et seq.) would have
applied if the entry had been made on July 31, 2013,
that was made—

(i)  after July 31, 2013; and

(ii) before  the  effective  date  specified  in
paragraph  (1),  shall  be  liquidated  or
reliquidated as though such entry occurred on
the effective date specified in paragraph (1).

(B)  REQUESTS.—A liquidation or reliquidation may be
made under subparagraph (A) with respect to an entry
only if a request therefor is filed with U.S. Customs
and Border Protection not later than 180 days after the
date  of  the  enactment  of  this  Act  that  contains
sufficient  information  to  enable  U.S.  Customs  and
Border Protection—

(i)  to locate the entry; or

(ii) to reconstruct the entry if it cannot be located.

Id.  The renewing legislation allowed importers to request retroactive application of GSP within

180 days after the date of the statute's enactment, which was December 28, 2015.  Id.

Due to a misunderstanding between Industrial Chemicals and its customs broker, World

Commerce, Industrial Chemicals did not submit its request for retroactive GSP treatment by the

deadline.  See Compl. ¶¶ 12–19.  World Commerce sent a letter to Customs requesting a refund

on February 2, 2016.  See id. at ¶ 20; see also Compl. Ex. E.  Customs returned the letter with a

handwritten note at the bottom, stating that the agency could not process the request because it

was submitted past the December 28, 2015 deadline.  See Compl. Ex. F.  Industrial Chemicals

filed a protest, which Customs denied as untimely because it was not filed within 180 days after

the date of liquidation.  See Compl. Ex. G.  Plaintiff initiated this action.  See Summons; Compl.

## ANALYSIS

Defendant moves first to dismiss Plaintiff's complaint for lack of subject matter

jurisdiction pursuant to USCIT Rule 12(b)(1).  See Def.'s Mot. 1.

The U.S. Court of International Trade, like all federal courts, is one of limited jurisdiction

and is "presumed to be without jurisdiction unless the contrary appears affirmatively from the

record."  DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1318 (Fed. Cir. 2006) (internal

quotations omitted).  The party invoking jurisdiction must "allege sufficient facts to establish the

court's jurisdiction," id. (citing McNutt v. Gen. Motors Acceptance Corp. of Ind., 298 U.S. 178,

189 (1936)), and therefore "bears the burden of establishing it."  Norsk Hydro Can., Inc. v.

United States, 472 F.3d 1347, 1355 (Fed. Cir. 2006).  The Court is empowered to hear civil

actions brought against the United States pursuant to the specific grants of jurisdiction

enumerated under 28 U.S.C. § 1581(a)–(i).  The court must draw all reasonable inferences in the

non-movant's favor when deciding a motion to dismiss.  See Henke v. United States, 60 F.3d

795, 797 (Fed. Cir. 1995).

Plaintiff pleads jurisdiction on the basis of 28 U.S.C. § 1581(a), see Compl. ¶ 3, which

grants this Court "exclusive jurisdiction of any civil action commenced to contest the denial of a

protest, in whole or in part, under section 515 of the Tariff Act of 1930."  28 U.S.C. § 1581(a).

The Tariff Act establishes a process for the administrative review of protests.  A party may

protest a decision made by Customs within 180 days after the date of liquidation or reliquidation

of the merchandise.  19 U.S.C. § 1514(c)(3)(a).  The statute directs Customs to assess the protest

in a timely manner.  19 U.S.C. § 1515.  If a party requests accelerated disposition of a protest,

Customs has thirty days to render a final decision.  Id.; see also 19 C.F.R. § 174.22.   A party

may protest specific actions taken by Customs, as enumerated in the statute.  19 U.S.C.

§ 1514(a).

      The question of jurisdiction turns on whether Plaintiff challenges a protestable decision

made by Customs.  Defendant proffers two arguments to support its motion to dismiss for lack of

subject matter jurisdiction.  To the extent that Plaintiff contests the liquidation of its entries, its

protest was untimely because it was not filed within 180 days of liquidation of its entries.  The

court does not have jurisdiction over the invalid protest.  In the alternative, Plaintiff contests

Customs' refusal to issue the refund, as indicated in the handwritten note.  The handwritten note

is not a protestable decision.  Although Customs makes certain decisions related to the

liquidation or reliquidation of merchandise, the plain language of the statute does not appear to

give Customs discretion in administering refunds for this particular lapse in GSP.  The statute

clearly states that importers must submit requests for retroactive application of GSP over certain

entries by December 28, 2015.  Plaintiff missed this deadline.  Because Customs' refusal to

process Plaintiff's refund is not a protestable decision under 19 U.S.C. § 1514(a), the court does

not have jurisdiction over this action under 28 U.S.C. 1581(a), and this action is dismissed.

Defendant's argument that Plaintiff has failed to state a claim upon which relief can be granted

under USCIT Rule 12(b)(6) is moot.

**CONCLUSION**

For the aforementioned reasons, the court concludes that it does not have subject matter jurisdiction over Plaintiff's action under 28 U.S.C. § 1581(a).  This action is dismissed.

   /s/ Jennifer Choe-Groves   
Jennifer Choe-Groves, Judge

Dated:  September 24, 2018   
        New York, New York